offenses committed on public transportation).[8] Moreover, omission of a given provision from one of two similar statutes evidences a different legislative intent regarding the two. *Commonwealth v. Heath,* 528 Pa. 316, 597 A.2d 1135, 1136 (1991); *Commonwealth v. Bigelow,* 484 Pa. 476, 399 A.2d 392, 395 (1979). If the legislature had intended for inchoate crimes always to be subject to the same mandatory minimum sentences carried by underlying crimes, it would have had no reason for explicitly including inchoate offenses among the crimes subject to mandatory minimum sentences in some mandatory minimum sentencing statutes but not others.

In several other cases, the Superior Court has held that a sentence enhancement provision applies only to the crimes specified therein, not to related inchoate crimes that are not specified as being subject to the enhancement provision. *See Watson, supra* at 178; *Young, supra* at 918; *Commonwealth v. Adams,* 760 A.2d 33, 39–40 (Pa.Super.2000). We believe this is the correct rule. A contrary rule would leave a certain amount of "guesswork" to the discretion of the sentencing court, a result that cannot have been intended by the legislature, particularly for a sentencing provision that is mandatory. We presume that the "General Assembly intends the entire statute to be effective *and certain.*" 1 Pa.C.S. § 1922(2) (emphasis added). Interpreting Section 780–113(k) as

we have interpreted it fulfills this intention.[9]

■ For all of the reasons discussed herein, we hold that the mandatory minimum sentencing provision of 35 P.S. § 780–113(k) does not apply to a conviction for conspiracy to manufacture a controlled substance. The order of the Superior Court affirming the judgment of sentence is vacated. This case is remanded to the Court of Common Pleas of Philadelphia County for resentencing in accordance with the terms of this Opinion.

Justice TODD did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, and Justices SAYLOR, EAKIN and BAER, and Justice GREENSPAN join the opinion.

---

**Allen E. ERTEL, Appellant**

v.

**James CARPENTER, Appellee.**

Supreme Court of Pennsylvania.

Jan. 22, 2009.

---

**8.** Each of these other provisions imposes a mandatory minimum sentence for any "crime of violence," a term that is defined explicitly to include conspiracy to commit any of the other offenses falling within the definition. *See* 42 Pa.C.S. § 9714(g).

**9.** The Commonwealth relies on *Commonwealth v. Reeves* 778 A.2d 691 (Pa.Super.2001) to support the application of the mandatory minimum sentencing provision to Appellant's conspiracy conviction in the in-

stant case. That reliance is misplaced. *Reeves* did not involve the issue of whether a mandatory minimum sentence applied to a conspiracy conviction. The minimum sentencing statute in *Reeves* clearly included conspiracy among the crimes to which it applied. The dispute in *Reeves* involved whether a separate element of the minimum sentencing statute at issue in that case had been met. This case involves no similar issue.

### ORDER

PER CURIAM.

**AND NOW,** this 22nd day of January, 2009, the Order of the Lycoming County Court of Common Pleas is AFFIRMED.

**STANTON–NEGLEY DRUG COMPANY, t/d/b/a Stanton–Negley Legend Drug, Appellant**

v.

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, a Government Entity; Estelle B. Richman, Secretary of Pennsylvania Department of Public Welfare, in her official capacity; Office of Medical Assistance Programs, a Government Entity; James L. Hardy, Acting Deputy Secretary of the Office of Medical Assistance Programs, in his official capacity; Officer of Administration, Contract Policy, Management and Procurement, a Government Entity; and Daniel R. Boyd, the official-in-charge of the Office of Administration, Contract Policy Management and Procurement, in his official capacity, Appellees.**

Supreme Court of Pennsylvania.

Jan. 22, 2009.

Monte J. Rabner, Pittsburgh, for appellant, Stanton-Negley Drug Company.

Doris M. Leisch, Philadelphia, Helene Eichenwald Loux, Allen C. Warshaw, Matthew David Stauffer, Harrisburg, for appellee, Department of Public Welfare.

Estelle Richman, James L. Hardy, Harrisburg, for appellees.

Daniel R. Boyd, Harrisburg, for appellee, Office of Administration Contract Policy Management and Procurement.

### ORDER

PER CURIAM.

**AND NOW,** this 22nd day of January, 2009, the order of the Commonwealth Court is **AFFIRMED.**

**In the Matter of the ESTATE OF Laird M. WOLFE, Deceased.**

**Appeal of Linda D. Wolfe.**

Supreme Court of Pennsylvania.

Argued Sept. 8, 2008.
Decided Jan. 22, 2009.

David Matthew Gulnac, Esq., for Linda D. Wolfe.

Louis C. Alvin, Esq., Pittsburgh, for Eva J. Allen.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.